IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREEM DAWUD FARRAKHAN, | ) | |
| | ) | 8:04cv133 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 55, the Motion for Prepayment of Costs of Photocopying Discovery filed by the plaintiff, Kareem Dawud Farrakhan; (2) filing no. 61, the plaintiff's Motion to Compel; (3) filing no. 75, the plaintiff's Motion to Compel; and (4) filing no. 80, the Motion for Extension of Time filed by the defendant, the City of Omaha. As an initial matter, filing no. 80 is hereby granted retroactively. The defendant sought an extension of time to respond to the plaintiff's Motions to Compel, and the defendant has now responded (filing no. 82).

The plaintiff complains of eminent domain decision(s) by the City of Omaha creating a disparate impact[1] on the minority population of the "Near North Side" community of Omaha, in violation of the Fair Housing Act,[2] 42 U.S.C. §§ 3601-3631, and 42 U.S.C. §§ 1981 and 1982. As I understand the plaintiff's claims, the City targeted the plaintiff's

---

[1]Section 804(a) of the Fair Housing Act makes it unlawful to deny a dwelling "to any person because of race, color... or national origin." 42 U.S.C. § 3604(a). "A facially neutral housing-related policy may nonetheless violate Title VIII if it has a disproportionate adverse impact on minorities .... Such an impact may take either [or both] of two forms: (1) a facially neutral decision may have 'a greater adverse impact on one race than another,' or (2) it may 'perpetuate[] segregation and thereby prevent[] interracial association [in the entire community involved].'" Edwards v. Johnston County Health Dept., 885 F.2d 1215, 1223 (4th Cir. 1989).

[2]Congress passed the federal Fair Housing Act as Title VIII of the Civil Rights Act of 1968 to prohibit housing discrimination on the basis of race, color, religion, sex, familial status, or national origin. In 1988, Congress passed the Fair Housing Amendments Act, which expanded the coverage of the Fair Housing Act to include housing discrimination on the basis of disability. Larkin v. State of Mich. Dept. of Social Services, 89 F.3d 285, 288 (6th Cir. 1996).

1

neighborhood for designation as "blighted" and for eminent domain proceedings simply because the City wanted to replace the plaintiff's property and that of his neighbors with commercial and/or private redevelopment.  Although the City may have sought a "public benefit" in the form of increased tax revenues, the effect of the City's policy has been to displace the low-income predominantly African-American residents of the plaintiff's neighborhood and relegate them to less desirable and even more racially segregated parts of the City.

The plaintiff and his African-American neighbors are not only displaced from their own properties, but they are excluded from returning to their neighborhood because the prices of the redeveloped properties far exceed both the former residents' limited means and any relocation assistance offered by the City.  Instead, the minority residents of the plaintiff's Near North Side neighborhood are pushed farther North, adding to the existing racially segregated housing patterns in the City of Omaha.  The plaintiff refers to the effect, if not the intent, of the City's policies as "racial steering."

Under the federal Fair Housing Act, the plaintiff must show at least that the defendant's actions had a racially discriminatory effect.  United States v. City of Black Jack, 508 F.2d 1179, 1184-85 (8th Cir. 1974), cert. denied, 422 U.S. 1042 (1975).  If the plaintiff wishes to go farther and to demonstrate that the City's land use policies, in particular the targeting of his predominantly African-American neighborhood for land condemnation and redevelopment, was part of a larger pattern or practice of discriminatory replacement of low-income, minority-owned housing with commercial or private development, he will have to show a history of such discriminatory activity by the City. United States v. Big D Enterprises, Inc., 184 F.3d 924, 930 (8th Cir. 1999) (a "pattern or practice" under the Fair Housing Act requires more than an isolated act of discrimination), citing United States v. Balistrieri, 981 F.2d 916, 929 (7th Cir. 1992), cert. denied, 510 U.S. 812 (1993).

Thus, the historical and statistical evidence sought by the plaintiff in discovery is highly relevant to his claims, and his claims certainly do not appear on their face to be without merit.  The defendant's response to the plaintiff's Motions to Compel appears to be predicated on a failure to comprehend the nature of the plaintiff's claims.  To violate the Fair Housing Act, it is not necessary for the City to have intentionally excluded African-Americans from their existing housing or prospective housing opportunities, or to be motivated by racial animus in the City's land use and redevelopment decisions.  Pursuant to the Fair Housing Act, local governmental entities may not use their authority in a manner that has a discriminatory effect upon racial minorities.

THEREFORE, IT IS ORDERED:

1.    That filing no. 55, the Motion for Prepayment of Costs of Photocopying Discovery, is denied because there is no basis in law for the relief requested by the plaintiff;

2.    That filing nos. 61 and 75 are granted nonetheless, and the defendant shall

provide the information sought by the plaintiff in filing nos. 61 and 75;

3.     That, because the plaintiff is unlikely to be able to take depositions upon oral examination, the limitations on the number of interrogatories and Rule 31 depositions upon written questions are suspended as to the plaintiff, subject to the defendant's right to seek a protective order if overwhelmed by a truly inordinate number of intrusive questions beyond the capacity of the City's legal and other departments to respond; and

4.     That filing no. 80, the defendant's Motion for Extension of Time, is granted retroactively.

DATED this 21st day of February, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

3